Filed 1/29/16  P. v. Brown CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>INDIA MONAE BROWN,<br><br>    Defendant and Appellant. | B262343<br><br>(Los Angeles County<br>Super. Ct. No. TA131437) |

APPEAL from an order of the Superior Court of Los Angeles County. Eleanor J. Hunter, Judge.  Affirmed.

Emily Lowther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

India Monae Brown filed a petition for resentencing under Proposition 47, the Safe Neighborhood and Schools Act. (Pen. Code, § 1170.18; hereafter Proposition 47 or the Act). The trial court denied the petition. We affirm.

**FACTS**

On June 4, 2014, Brown pled nolo contendere to a felony count of receiving stolen property in violation of Penal Code section 496, subdivision (a).[1]

On November 4, 2014, the voters of California passed Proposition 47. The Act went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As relevant here, Proposition 47 reduced certain felony offenses to misdemeanors and enacted a resentencing provision — section 1170.18 — under which persons currently serving a felony sentence for an offense that is today a misdemeanor may file a petition to be resentenced for the misdemeanor offense. The offense of receiving stolen property is amenable to such Proposition 47 treatment, provided the value of the property taken does not exceed $950.

On February 24, 2015, Brown filed a proposition 47 petition in the trial court to be resentenced as a misdemeanant on her receiving stolen property conviction. The District Attorney alleged Brown was ineligible for relief because the value of property exceeded $950.

The trial court denied Brown's petition after reviewing the preliminary hearing transcript, stating: "I think the spirit of Prop 47, if the property is below a certain amount, then it would fall under that. I don't think Ms. Brown falls into that category." Read in context, the court's statement must be interpreted to mean that it was making a factual finding, based on the evidence presented at the preliminary hearing, that the value of the property involved in Brown's crime exceeded the $950 threshold for Proposition 47's reclassification of her felony to a misdemeanor. The court did not make any express statements about whether it had placed the burden of proof on Brown to establish that the value of the property was less than $950. However, we find it safe to conclude from the

---

[1] All further undesignated section references are to the Penal Code.

court's comments that it placed the burden on Brown to show the value of the stolen property she had received.

Brown filed a timely notice of appeal.

## DISCUSSION

Brown contends the trial court's decision to deny her Proposition 47 petition must be reversed because the People did not establish — beyond a reasonable doubt — that the value of the stolen goods that she received was worth more than $950. We find no error.

Section 1170.18 is silent on burden of proof matters on a Proposition 47 petition. It does not specify whether the petitioner must prove his or her eligibility for resentencing or, alternatively, whether the People must prove his or her ineligibility for resentencing. Further, Proposition 47 does not prescribe the applicable burden of proof, for example, beyond a reasonable doubt or preponderance of the evidence.

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the trial court denied a petition pursuant to Proposition 47 seeking resentencing on multiple convictions for the offense of commercial burglary in violation of section 459. Division One of the Fourth District Court of Appeal affirmed, holding that a Proposition 47 petitioner bears the burden of proof to establish that he or she is eligible for resentencing by showing that the value of property involved in an offense did not exceed $950, and finding the petition at issue gave "virtually no information regarding [the petitioner's] eligibility for resentencing." (*Id*. at pp. 879-880.) The court affirmed the denial of the petition "without prejudice to subsequent consideration of a properly filed petition." (*Id*. at p. 881.)

We find that *Sherow* provides sound guidance for Proposition 47 petitions. Further, in accord with *Sherow*, we affirm the trial court's decision to deny Brown's Proposition 47 petition. Brown failed to meet her burden of proof under any possible standard because her petition provide no meaningful information as to her eligibility for resentencing. Her petition included no evidence at all concerning the value of the stolen property she had received. As did the *Sherow* court, we affirm the denial of Brown's

3

Proposition 47 petition "without prejudice to subsequent consideration of a properly filed petition."

## DISPOSITION

The order denying Brown's Proposition 47 petition for resentencing is affirmed without prejudice to consideration of a petition properly supported by a showing that she is eligible for resentencing in accord with the Act.


BIGELOW, P.J.

We concur:


RUBIN, J.


FLIER, J.

4